UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DARRIN SHATNER,
    Plaintiff,

v.                            13-CV-1277

ELDON KENNEL,
    Defendant.

## **OPINION**

Plaintiff' has filed a motion for the appointment of *pro bono* counsel and has demonstrated reasonable attempts to find counsel on his own. [4]  The Court may therefore proceed to the next step in the inquiry: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993).  As the Seventh Circuit stated in *Pruitt:*

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 *(quoted and other cites omitted)*

A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements."  *Id.* at 655.  "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls,* 599 F.3d 749, 762 (7th Cir. 2010), *quoting Pruitt*, 503 F.3d at 656.  The Court cannot require an attorney to accept *pro bono* appointment on a civil case such as this. *Pruitt,* 503 F.3d at 653 (*in forma pauperis statute* "'does not authorize the federal courts to make coercive appointments of counsel.'")(*quoted cite omitted*).

The Plaintiff has one claiming before the court alleging a Chaplain at Pontiac Correctional Center violated his First Amendment right to the free exercise of his religion. *See* June 28, 2013 Merit Review Order.  The Plaintiff admits he filed a previous lawsuit involving the same issues at a correctional facility in the Southern District of Illinois and the court found the Defendants had violated his constitutional rights.[d/e 1, *Shatner v Page*, Case No. 00-251.] Therefore, the Plaintiff has litigation experience with the exact same claim.  The court notes the Plaintiff says he has high blood pressure and back pain, but neither condition would prevent him from litigating this case.  This claim is not complex and the court will be entering a scheduling order which requires the Defendant to provide relevant discovery.

Accordingly, based on the information available in the record, the Court concludes that Plaintiff appears competent to proceed *pro se*.

IT IS THEREFORE ORDERED that Plaintiff's motion for the appointment of counsel is denied.[4]

Entered this 5th day of September, 2013.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE